# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FIELDING MCGEHEE** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**,<br><br>Defendant. | Case No. 1:01-cv-01872 (TNM) |

## MEMORANDUM OPINION

In 2001, Plaintiffs Fielding McGehee and Rebecca Moore sued the Department of Justice, under the Freedom of Information Act ("FOIA"), seeking documents from the Federal Bureau of Investigation about the infamous Jonestown Massacre.

In the latest chapter of this decades-old litigation, the Court granted the Department's unopposed Motion for Summary Judgment. Before the Court now is the Plaintiffs' Motion for Reconsideration. Because the Plaintiffs have not shown that they are entitled to relief, the Court will deny their Motion.

## I.

The Plaintiffs submitted a FOIA request to FBI Headquarters, requesting information about the victims and investigations of the Jonestown Massacre in Jonestown, Guyana. *See McGehee v. U.S. Dep't of Justice*, 800 F. Supp. 2d 220, 226 (D.D.C. 2011).[1] They eventually sued the FBI's parent agency, the Department of Justice, alleging that the production that they

---
[1] The Court assumes familiarity with the facts here. *See McGehee v. U.S. Department of Justice* ("*McGehee I*"), 800 F. Supp. 2d 220, 226 (D.D.C. 2011).

received was inadequate. *Id.* The parties filed cross-motions for summary judgment, which were granted in part and denied in part. *Id.*

Later, the FBI discovered and then released more material to the Plaintiffs. Seventeenth Hardy Decl. ("Hardy Decl.") ¶ 15, ECF No. 256-3. The Court ordered the Plaintiffs to "submit a final comprehensive list of document requests" to the FBI. 5/19/14 Order, ECF No. 191. The FBI conducted additional searches and released more material including photographs, audio tapes, and video tapes. Hardy Decl. ¶ 23.

After the Plaintiffs moved for partial summary judgment, and the Department moved for summary judgment, the Court denied the Plaintiffs' Motion and granted the Department's Motion. *McGehee v. U.S. Dep't of Justice* ("*McGehee II*"), 362 F. Supp. 3d 14, 22 (D.D.C. 2019).[2] The Plaintiffs have now moved for reconsideration of that Order. *See* Pls.' Mem. of Points and Authorities ("Pls.' Mem."), ECF No. 268. The Department opposes. *See* Def.'s Opp., ECF No. 270.

**II.**

Courts generally treat a motion for reconsideration as originating under Federal Rule of Civil Procedure 59(e) if a party files it within 28 days of the entry of the order at issue. *Owen-*

---

[2] The Plaintiffs erroneously claim that the Department filed a "motion for partial summary judgment." *See* Pls.' Mem. of Points and Authorities ("Pls.' Mem.") at 4, ECF No. 268. While the Plaintiffs moved only for partial summary judgment, the Department sought total vindication. *See* Def.'s Cross-Mot. for Summ. J., ECF No. 256. They also inexplicably repeatedly suggest the Court dismissed the case, when the Court actually granted summary judgment to the Department.

The Plaintiffs also claim that the Court "dismissed the plaintiffs' lawsuit with prejudice." *See* Pls.' Mem. at 2. This is not true. The Court granted summary judgment to the Department. *See McGehee II*, 362 F. Supp. 3d at 22.

2

*Williams v. BB&T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 121–22 (D.D.C. 2011). The Plaintiffs filed their motion on April 1, 2019, precisely 28 days after the Court's March 4, 2019 Order. *See* Pls.' Mem. So they are entitled to consideration under Rule 59(e).[3] *Arabaitzis v. Unum Life Ins. Co. of Am.*, 351 F. Supp. 3d 11, 14 (D.D.C. 2018).

"Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment," *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012), or "a chance for [a party] to correct poor strategic choices." *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 15 (D.D.C. 2010).

"Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Leidos v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008)). Courts may grant a Rule 59(e) motion only "(1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to correct a clear error or prevent manifest injustice." *Id.* (cleaned up). "And the moving party has the burden of proving that relief under Rule 59(e) is warranted." *Arabaitzis*, 351 F. Supp. 3d at 14.

### III.

The Plaintiffs have failed to satisfy Rule 59(e)'s standard. First, they allege no change in law or new evidence. *See generally* Pls.' Mem. In fact, the Plaintiffs admit that "the situation

---

[3] The Plaintiffs invoke Federal Rule of Civil Procedure 52. *See* Pls.' Mot. for Reconsideration at 1, ECF No. 268-12. Rule 52 permits amendment of findings and conclusions by the court for "actions tried on the facts without a jury or with an advisory jury." This action was not tried on facts but resolved on motions for summary judgment, so Rule 52 does not apply. *See Kline v. Archuleta*, 309 F.R.D. 91, 93 (D.D.C. 2015).

3

has not changed since [their] previous listings of documents . . . ." *See* Pls.' Reply at 3, ECF No. 271.[4] And the Plaintiffs do not allege that reconsideration is necessary to prevent manifest injustice. *See generally* Pls.' Mem.

As to alleging a "clear error," the Plaintiffs claim that the Court "uncritically adopted the FBI's representations" in its briefing and relevant declarations. *Id.* at 5. They complain that "this court and others continue to accept Mr. Hardy's representations" even though, allegedly, he has little credibility. *Id.* But they offer no caselaw or record citations to support a claim that this Court should—or even could—disregard the sworn declaration of David Hardy, the Section Chief of the Record/Information Dissemination Section, Information Management Division at the FBI.

The Plaintiffs still insist that the Court should order the Department to release "the San Francisco Field Office Files Transferred to the FBI Headquarters." Pls.' Mem. at 2. In making their argument, they attach a new declaration from the lead Plaintiff to their six-page reply brief. *See* McGehee Decl., ECF No. 271-1. The Court does not consider arguments raised for the first time in a reply brief. *See Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992) ("To consider an argument for the first time in reply would be manifestly unfair to the [respondent] who, under our rules, has no opportunity for a written response. Moreover, it would risk the possibility of an improvident or ill-advised opinion."). And Rule 59(e) does not allow parties to present evidence that could have been submitted before the entry of judgment. *See Leidos*, 881 F.3d at 217.

---

[4] The Court directs Plaintiffs' Counsel's attention to Local Rule 5.1(d), requiring all pleadings to appear in 12-pt. font.

In any event, this declaration provides no basis for relief under Rule 59(e). In fact, this new declaration makes the same argument that the Court has already rejected. *See* Pls.' Mot. for Summ. J. at 17–20, ECF No. 253. The Plaintiffs insist that these records were at the FBI Headquarters. McGehee Decl. at 2, ECF No. 271-1. As the Court has already said, even if there was evidence that these records were there at some point, "the Plaintiffs offer no evidence that the San Francisco documents were at the FBI Headquarters when they submitted their FOIA requests." *McGehee II*, 362 F. Supp. 3d at 19. In any case, "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003). In short, the Plaintiffs fail to identify any error, much less a *clear* error, in the Court's earlier Order.

The Plaintiffs also ask the Court to conduct *in-camera* review of some disputed documents. Pls.' Mem. at 12. But even they admit that the Court need not do so. *Id.* ("The use of *in-camera* inspection for a limited number of documents is *almost* obligatory under the circumstances of this case." (emphasis added)). *See also Stolt–Nielsen Transp. Grp., Ltd. v. United States*, 534 F.3d 728, 734–35 (D.C. Cir. 2008) (noting district courts have discretion to rely on affidavits or conduct *in camera* review to decide whether government has released all reasonably segregable, nonexempt material). The Court will not do so here.

Finally, the Plaintiffs request "an extension of time, *nunc pro tunc* to and including April 1, 2019 to file this motion." Pls.' Mot. for Reconsideration at 2, ECF No. 268-12. The Plaintiffs' Motion for Reconsideration was filed April 1, 2019, so no extension of time is necessary.

It is possible that the Plaintiffs are asking for an extension to file an Opposition to the Department's Motion for Summary Judgment. If so, the Court will reject this request because the Plaintiffs have not shown that an extension is warranted. The Plaintiffs' Opposition was due February 28, 2019, *see* 2/14/19 Order, ECF No. 264, and they did not request an extension until April 1, 2019. *See* ECF No. 268-12. Not only do the Plaintiffs fail to give any new reasons why the Court should modify the summary judgment briefing schedule, they do not even acknowledge the fact that the Court has already ruled. To accept an out-of-time Opposition now would cause significant prejudice to the Department, and the Plaintiffs have not shown that any extension is appropriate. Thus, the Court will not grant an extension of time.

The Plaintiffs claim that "[b]y filing his Feb. 19, 2019 Notice of Filing, which was the only way he had of communicating with the Court at the time, Counsel did not intend to violate the authority of the Court to set the schedule in this case." Pls.' Mot. for Reconsideration at 3. But the Notice did not seek leave or request an extension. *See* Notice of Filing, ECF No. 265. It merely announced that Plaintiffs' Counsel was leaving for Singapore, and "Plaintiff will not be able to file his response from Singapore, but will do so within a week after he returns." *See id.* This is inappropriate: the Court, not the parties, set the briefing schedule. It would have been just as easy for the Plaintiffs to seek an extension as it was to file the Notice. But the former would have been more efficacious.

The Plaintiffs also seem to suggest that they could not file their Opposition because Plaintiffs' Counsel needed to work on a petition for writ of certiorari due April 28, 2019. Pls.' Mot. for Reconsideration at 2–3. The Plaintiffs did not mention this problem in their "Notice of Filing." *See* Notice of Filing. Even now, they do not explain how that April deadline prevented

them from complying with the Court's February deadline.  *See* Pls.' Mot. for Reconsideration at 2–3.

The Plaintiffs could have opposed the Department's motion, but they did not.  They also could have filed a timely motion for an extension, but they did not even do this.  There is no manifest injustice when "a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered."  *Arabaitzis,* 351 F. Supp. 3d at 14 (quoting *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004)).

**IV.**

In sum, none of the Plaintiffs' arguments fall within Rule 59(e)'s "limited exception to the rule that judgments are to remain final."  *Leidos*, 881 F.3d at 217.  So they have not shown that they are entitled to reconsideration of the Court's prior Order.

For all these reasons, the Plaintiffs' Motion for Reconsideration will be denied.  A separate Order will issue.

Dated: June 18, 2019                                         TREVOR N. McFADDEN, U.S.D.J.